**IN THE UNITED STATES DISTRICT COURT**
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EXPEDITEE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.21-cv-6440 |
| | ) | |
| THE ENTITIES LISTED ON EXHIBIT 1, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTIONS (1)
TO DISMISS FIRST AMENDED COMPLAINT, (2) FOR BOND TURNOVER, (3) FOR
EXCEPTIONAL CASE DESIGNATION, AND (4) FOR SANCTIONS**

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................1

II.    BACKGROUND ....................................................................................2

III.   PLAINTIFF'S FAC SHOULD BE DISMISSED ................................2

    A.    No Personal Jurisdiction – Rule 12(b)(2) .................................2

        i.    No General Personal Jurisdiction .................................3

        ii.   No Specific Personal Jurisdiction ...............................3

    B.    Defective Venue – Rule 12(b)(3) .............................................5

    C.    Failure to State a Claim – Rule 12(b)(6) ..................................7

        i.    Standing (Counts I-III) ................................................7

        ii.   Failure to Plead a Lanham Act Claim (Counts I-II).....9

            1.   Ownership ........................................................10

            2.   Likelihood of Confusion ..................................10

        iii.  Failure to Plead Illinois Deceptive Trade Practices (Count III)....................12

IV.   PLAINTIFF MUST TURN OVER ITS BOND....................................12

V.    THIS IS AN EXCEPTIONAL CASE ..................................................13

VI.   SANCTIONS SHOULD BE AWARDED .............................................14

VII.  CONCLUSION ...................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*4SEMO.com Inc. v. S. Illinois Storm Shelters, Inc.*,
 939 F.3d 905 (7th Cir. 2019)............................................................................13, 14

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*,
 751 F.3d 796 (7th Cir. 2014),
 as corrected (May 12, 2014)........................................................................................5

*All Star Championship Racing, Inc. v. O'Reilly Auto. Stores, Inc.*,
 940 F. Supp. 2d 850 (C.D. Ill. 2013).....................................................................10, 12

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .....................................................................................................7

*AutoZone, Inc. v. Strick*,
 543 F.3d 923 (7th Cir. 2008) ......................................................................................11

*be2 LLC v. Ivanov*,
 642 F.3d 555 (7th Cir. 2011).........................................................................................4

*Bell Atl. v. Twombly*,
 550 U.S. 570 (2007) .....................................................................................................7

*Bennet v. C.H. Robinson Co.*,
 No. 12 C 2807, 2013 WL 676398 (N.D. Ill. Feb. 25, 2013) .........................................8

*Beveridge v. Mid–West Management, Inc.*,
 78 F.Supp.2d 739 (N.D.Ill.1999) .................................................................................7

*Bristol-Myers Squibb Co. v. Superior Court of Cal.*,
 137 S. Ct. 1773 (2017) .................................................................................................3

*Brunswick Bowling & Billiards Corp. v. Pool Tables Plus, Inc.*,
 2005 WL 396304 (N.D. Ill. Feb. 16, 2005)...................................................................6

*Bullock v. Washington Metropolitan Area Transit Authority*,
 943 F.Supp.2d 52 (D.D.C. 2013) .................................................................................6

*CAE, Inc. v. Clean Air Engineering, Inc.*,
 267 F.3d 660 (7th Cir.2001).......................................................................................10

*Cent. Mfg. Co. v. Pure Fishing, Inc.*,
 392 F. Supp. 2d 1046 (N.D. Ill. 2005) ..........................................................................7

*Coach, Inc. v. Diva's House of Style*,
2012 WL 6049722 (N.D. Ind. Dec. 5, 2012) ................................................................10

*Coyne–Delany Co., Inc. v. Capital Dev. Bd. of State of Illinois*,
717 F.2d 385 (7th Cir.1983) ........................................................................................12

*Cyber Websmith, Inc. v. Am. Dental Ass'n*,
2010 WL 3075726 (N.D. Ill. Aug. 4, 2010) ................................................................11

*Daimler AG v. Bauman*,
134 S. Ct. 746 (2014) ....................................................................................................3

*Direct Fitness Sols., LLC v. Direct Fitness Sols., LLC*,
281 F. Supp. 3d 697 (N.D. Ill. 2017) ..........................................................................13

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*,
139 S. Ct. 881 (2019) ..................................................................................................11

*FW/PBS, Inc. v. City of Dallas*,
493 U.S. 215 (1990) .......................................................................................................9

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
131 S. Ct. 2846 (U.S. 2011) ..........................................................................................3

*Gruen Mktg. Corp. v. Benrus Watch Co.*,
955 F. Supp. 979 (N.D. Ill. 1997) .................................................................................9

*Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*,
570 F.3d 811 (7th Cir. 2009) .........................................................................................7

*Illinois v. Hemi Group LLC*,
622 F.3d 754 (7th Cir. 2010) .........................................................................................4

*Int'l Molding Machine Co. v. St. Louis Conveyor Co.*,
2002 WL 1838130 (N.D.Ill. Aug.12, 2002) ..................................................................4

*N. Grain Mktg., LLC v. Greving*,
743 F.3d 487 (7th Cir. 2014) .........................................................................................3

*Neutron Depot, L.L.C. v. Bankrate, Inc.*,
798 F. App'x 803 (5th Cir. 2020) ..................................................................................7

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
572 U.S. 545 (2014) ..............................................................................................13, 14

*Perlmutter v. Varone*,
59 F. Supp. 3d 107 (D.D.C. 2014) .................................................................................6

*Riddle & Assocs., P.C. v. Kelly*,
414 F.3d 832 (7th Cir. 2005) .......................................................................................14

iv

*RooR Int'l BV v. Amused Clothing, LLC*,
   2020 WL 1929117 (N.D. Ind. Apr. 21, 2020)......................................................................7

*Seven Oaks Millwork Inc. v. Royal Foam US, LLC*,
   No. 19 C 6234, 2019 WL 6827641 (N.D. Ill. Dec. 13, 2019)...........................................4, 5

*Specht v. Google Inc.*,
   747 F.3d 929 (7th Cir. 2014)..............................................................................................7

*Specht v. Google, Inc.*,
   660 F. Supp. 2d 858 (N.D. Ill. 2009) ..................................................................................6

*Tamburo v. Dworkin*,
   601 F.3d 693 (7th Cir. 2010)..............................................................................................3

*Tisza v. Communications Workers of America*,
   953 F.2d 298 (7th Cir.1992)...............................................................................................9

TMT N. Am., Inc. v. Magic Touch GmbH,
   124 F.3d 876 (7th Cir.1997).............................................................................................12

*Watchfire Signs, LLC v. Cree, Inc.*,
   2020 WL 12815286 (C.D. Ill. May 19, 2020) .....................................................................6

**Statutes**

15 U.S.C. § 1114 ....................................................................................................................7

15 U.S.C. § 1114(1) ...............................................................................................................7

15 U.S.C. § 1115(a)..............................................................................................................10

15 U.S.C. § 1117(a)..............................................................................................................13

15 U.S.C. § 1125(a)..........................................................................................................7, 10

15 U.S.C. § 1127 ....................................................................................................................7

17 U.S.C. § 301 ....................................................................................................................11

18 U.S.C. § 1391 ....................................................................................................................5

18 U.S.C. § 1391(b) ...............................................................................................................5

18 U.S.C. § 1391(b)(2) ...........................................................................................................6

28 U.S.C. § 1927 ............................................................................................................14, 15

815 ILCS § 510 ......................................................................................................................7

**Rules**

Fed. R. Civ. P. 12 ........................................................................................................................14

Fed. R. Civ. P. 12(b)(2) ............................................................................................................1, 2

Fed. R. Civ. P. 12(b)(3) ............................................................................................................1, 5

Fed. R. Civ. P. 12(b)(5) ...............................................................................................................1

Fed. R. Civ. P. 12(b)(6) ............................................................................................................1, 7

## I.       INTRODUCTION

By order entered January 13, 2022 (Dkt. 42), this Court granted Defendants' motion to vacate Plaintiff Expeditee, LLC's *ex parte* temporary restraining order and corresponding preliminary injunction.   As explained in Defendants' motion, Plaintiff's pleadings, motion for temporary restraining order, and motion for preliminary injunction were founded on gross falsehoods that were flatly contradicted by official government records and Plaintiff's own exhibits.  (Dkt. 36).  Further, as explained in Defendants' motion, Plaintiff's allegations failed to support personal jurisdiction or proper venue and failed to state a claim for relief as a matter of law.  (*Id*.).  The same remains true now.  Accordingly, Defendants move to dismiss the First Amended Complaint ("FAC") and seek further relief in the form of an exceptional case designation, the turnover of bond, and sanctions.

Applying the Federal Rules of Civil Procedure, the Court should dismiss the FAC under Rule 12(b)(2) because there is no personal jurisdiction over Defendants who are all in Vietnam and  merely operate generally-accessible websites, under Rule 12(b)(3) for lack of venue because no portion of the events alleged in the FAC occurred in this district, under Rule 12(b)(5) because Plaintiff's counsel falsely submitted an affidavit confirming service when none was made, and under Rule 12(b)(6) because Expeditee has not plausibly alleged any cognizable claim for relief.

Additionally, the Court should grant Defendants' motion for bond turnover, to designate this an "exceptional case" and for sanctions.  To obtain emergency relief, Plaintiff represented to the Court that its principal place of business is Illinois.  This was false.  To obtain emergency relief, Plaintiff represented that it owned the trademark.  This was false.  To obtain emergency relief, Plaintiff represented that the trademark covered quilts and blankets.  This was false.  To obtain emergency relief, Plaintiff represented that Defendants were using the trademark as a trademark.  This was false.  To obtain emergency relief, Plaintiff represented that it had served Defendants with service of

process. This was false. Rather, Plaintiff emailed defendants – e-commerce retailers based in Vietnam who have had their PayPal accounts frozen – with a settlement demand.

The Court should dismiss the FAC with prejudice, require that the bond be turned over to Defendants, designate this case as "exceptional," grant Defendants leave to file an attorneys' fee petition, and issue sanctions against Plaintiff's counsel for recklessly and vexatiously multiplying proceedings, despite having an objectively baseless case.

## II.     BACKGROUND

Plaintiff has literally done everything the wrong way in this case. Even though Plaintiff did not seek leave to file pseudonymously, the Complaint was first filed in the name of "XPED LLC" – a completely fake name. "XPED" then sought and obtained an *ex parte* TRO which was later converted to a preliminary injunction, resulting in freezing Defendants' PayPal accounts without notice. After Defendants were emailed a settlement demand that identified the case number, Defendants retained counsel who investigated the allegations and quickly identified that nearly every material fact asserted by Plaintiff was false, contradicted by official government records, and contradicted by Plaintiff's own exhibits. Highlighting these falsehoods, Defendants brought an emergency motion to vacate the PI and TRO, which was granted. (Dkt. 42). At oral argument, the Court suggested to Plaintiff's counsel that it might consider amending its complaint to address the inaccuracies in its pleading. Plaintiff has not. Nor could Plaintiff since Plaintiff has no factual basis for its claims and no factual basis for suing in Illinois.

## III.    PLAINTIFF'S FAC SHOULD BE DISMISSED

### A.     No Personal Jurisdiction – Rule 12(b)(2)

"The nature of the defendant's contacts with the forum state determines the propriety of personal jurisdiction and also its scope—that is, whether jurisdiction is proper at all, and if so, whether it is general or specific to the claims made in the case." *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th

Cir. 2010). The FAC's sole allegation in support of personal jurisdiction is that "[Defendants] transact business in the State of Illinois and in the Northern District of Illinois." (Dkt. 25, ¶7). Despite naming more than 150 defendants, Plaintiff makes no effort to evaluate their various relationships to the forum state (if any) and instead attempts to use a conclusory and nonspecific label to lump them together. Absent any supporting facts, FAC fails to establish personal jurisdiction.

### i.     No General Personal Jurisdiction

The FAC does not attempt to allege general jurisdiction and general jurisdiction is lacking because no Defendant has connections "with the State in which suit is brought [that] are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014), *quoting Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2852 (U.S. 2011). Moreover, the Seventh Circuit has unequivocally found that more than maintenance of a public internet website is required for general jurisdiction. *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010).

### ii.     No Specific Personal Jurisdiction

Nor is there specific jurisdiction. The FAC merely contends that "[e]ach Infringing Webstore offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Counterfeit Products into the United States, including Illinois." (*Id*). Plaintiff cannot support specific jurisdiction because it cannot satisfy the two requirements, *i.e.*, that the defendant "purposefully directed [its] conduct into the forum State" and Plaintiff's claims "arise out of or relate to" the defendant's "forum conduct." *See Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S.Ct. 1773, 1785-86 (2017); *see also N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014).

Here, each of the Defendants operate a website that, despite being globally accessible, is maintained and operated solely from Vietnam. (Declarations of Dang Thanh Tam, Dinh Van Thuyen, Vu Tan Phu, Le Van Chau, Ha Thi Nguyet, Ly Cong Minh, Phan Van Huynh [hereinafter

"Defendants' Decs."]). No Defendant has any physical retail outlet, employee, contractor, or manufacturing, production or distribution facility in Illinois. (*Id.*). No Defendant is registered to do business in Illinois, has any bank accounts here, or leases or owns any real property here. (*Id.*). No Defendants has ever traveled to Illinois to conduct business and no Defendant has promoted itself or its goods through paid print, radio, television, or internet advertisements targeting Illinois. (*Id.*). In short, Defendants have no connection with Illinois.

Nor does Plaintiff. A public records search reveals no records for an entity named "Expeditee LLC" in Illinois. (Exhibit 1); *see* Fed. R. Evid. 803(8), (10) (public records and their absence are admissible). This also precludes Plaintiff from attempting to fall back on the "effects" doctrine, where courts "have exercised personal jurisdiction over a defendant who commits a tort against an Illinois business when the injury is felt in Illinois." *See Int'l Molding Machine Co. v. St. Louis Conveyor Co.*, 2002 WL 1838130, *4 (N.D.Ill. Aug.12, 2002). Plaintiff cannot argue that it felt harm in Illinois because it has no presence in or relationship with the state.

The most Plaintiff can allege is that defendants have interactive websites since defendants sell products online to consumers around the world, including Illinois. However, the Seventh Circuit has cautioned that courts "should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates [an interactive] website that is accessible in the forum state." *Illinois v. Hemi Group LLC*, 622 F.3d 754, 760 (7th Cir. 2010); *see also be2 LLC v. Ivanov*, 642 F.3d 555, 558-59 (7th Cir. 2011) ("If the defendant merely operates a ... 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution."). This Court has previously recognized this authority.

In *Seven Oaks Millwork Inc. v. Royal Foam US, LLC*, plaintiff alleged that defendants availed themselves of the forum in three ways: (1) maintaining a nationally accessible, interactive website;

(2) using targeted search-engine advertisements geared towards Illinois residents; and (3) selling products to customers from Illinois. No. 19 C 6234, 2019 WL 6827641, at *4 (N.D. Ill. Dec. 13, 2019). This Court held in accordance with the Seventh Circuit in *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.* that operating an interactive website does not show that the defendant has formed a contact with the forum state for purposes of specific jurisdiction. *See id.* citing *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014), as corrected (May 12, 2014). Further, this Court held that even "a sale in a forum does not justify the exercise of specific jurisdiction over a defendant, even when the defendant 'knows or reasonably should know that its products are distributed through a nationwide distribution system that might lead to those products being sold in any of the fifty states.'" *Seven Oaks Millwork Inc. v. Royal Foam US, LLC*, No. 19 C 6234, 2019 WL 6827641, at *4 (N.D. Ill. Dec. 13, 2019) (internal citations omitted).

*Seven Oaks Millwork Inc. v. Royal Foam US, LLC* is instructive. This Court found no specific jurisdiction over an interactive website notwithstanding the fact that the plaintiff was an Illinois resident. Here, the facts are even worse for Plaintiff as Plaintiff is not even an Illinois resident. And merely having a generally-accessible website and fulfilling corresponding customer orders is insufficient to support personal jurisdiction. Because Plaintiff has not pled and cannot support personal jurisdiction, the FAC should be dismissed.

**B.     Defective Venue – Rule 12(b)(3)**

The FAC admits that venue is governed by 18 U.S.C. §1391. (Dkt. 25, ¶8). Subsection (b) of that statute provides three bases for venue: (1) where any defendant resides, (2) where the events giving rise to the claim occurred, or (3) if there is no district where the action may otherwise be brought, a district where a defendant is subject to personal jurisdiction. *See* 18 U.S.C. 1391(b).

5

Plaintiff does not allege that Defendants reside in Illinois, and they do not. (Defendants' Decs.). The threadbare (and false) allegations of venue premised on personal jurisdiction are also insufficient. *See supra* at Sec. III (A); *see also Brunswick Bowling & Billiards Corp. v. Pool Tables Plus, Inc.,* 2005 WL 396304, at *4 (N.D. Ill. Feb. 16, 2005)("[Plaintiff's] bald and unsupported assertion that venue under § 1391(b)(2) is appropriate because this court has personal jurisdiction over [Defendant] must be rejected."). Accordingly, Plaintiff's only allegation supporting venue is the contention that "a substantial part of the events or omissions giving rise to the claims occurred in this District[.]" (Dkt. 25, ¶8). The contention is both conclusory and false.

Defendants are e-commerce retailers who solely reside in and operate from Vietnam. (Defendants' Decs.). It also appears that Plaintiff's principal place of business is Vietnam. (Exhibit 2). The FAC incorporates the U.S. Trademark Registrations found at "Exhibit 2," but those documents show that the owner of the BLOCK OF GEAR trademark registration (which is not Expeditee) is located in Da Nang, Vietnam, while the owner of the GEEMBI registration is located in Las Vegas, Nevada. (*See* Dkt. 25-2). Worse, the subsequently-filed corporate disclosure statement claims that Expeditee is a "Delaware limited liability company." (Dkt. 39). There is simply no connection to this District.

The determination of "substantial part" of where the claim arose requires a "'commonsense appraisal' of the 'events having operative significance in the case.'" *Watchfire Signs, LLC v. Cree, Inc.*, 2020 WL 12815286, at *8 (C.D. Ill. May 19, 2020), citing *Perlmutter v. Varone*, 59 F. Supp. 3d 107, 111 (D.D.C. 2014). Those events "must be the ones out of which the plaintiff's claims arise; they cannot be tangential, such as the 'general business connections' the defendant may have in the judicial district." *Id.*, citing *Bullock v. Washington Metropolitan Area Transit Authority*, 943 F.Supp.2d 52, 57 (D.D.C. 2013). In Lanham Act cases, it requires that the infringer have "significant activities" rather than "minuscule contact." *Specht v. Google, Inc.*, 660 F. Supp. 2d 858, 866–67 (N.D. Ill. 2009);

6

citing *Beveridge v. Mid–West Management, Inc.*, 78 F.Supp.2d 739, 746 (N.D.Ill.1999). Because no "significant part" of the alleged infringement has occurred in this District, venue is improper and the FAC should be dismissed.

### C. Failure to State a Claim – Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) "challenges the sufficiency of the complaint[.]" *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive scrutiny, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 570 (2007)). The "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, the FAC fails to plausibly plead claims for trademark infringement under 15 U.S.C. §1114, for false designation of origin under 15 U.S.C. §1125(a), and for deceptive trade practices under 815 ILCS §510. Rather, the FAC is premised on conclusory and materially false representations.

### i. Standing (Counts I-III)

"Section 32 of the [Lanham] Act, 15 U.S.C. § 1114(1), grants the registrant of a trademark standing to assert an infringement claim." *Cent. Mfg. Co. v. Pure Fishing, Inc.*, 392 F. Supp. 2d 1046, 1047 (N.D. Ill. 2005) "'Registrants' are defined as 'legal representatives, predecessors, successors and assigns.'" *Id.*; *citing* § 15 U.S.C. § 1127. To bring an infringement claim under § 32 of the Lanham Act, the plaintiff "must own the mark outright to have statutory standing." *RooR Int'l BV v. Amused Clothing, LLC*, 2020 WL 1929117, at *2 (N.D. Ind. Apr. 21, 2020); citing *Neutron Depot, L.L.C. v. Bankrate, Inc.*, 798 F. App'x 803, 806 (5th Cir. 2020). "Mere exclusive licensees lack standing to bring these claims." *Id.* "[O]nly the current owner of the mark can claim infringement." *Specht v. Google Inc.*, 747 F.3d 929, 933 (7th Cir. 2014).

Here, Plaintiff is not the owner of the BLOCK OF GEAR or GEEMBI trademarks (and the BLOCK OF GEAR trademark does not even cover the class or goods accused). The FAC's conclusory allegations regarding ownership of "all rights, title, and interest in the trademark" (Dkt. No. 25, ¶ 10), is defeated by its own Exhibit 2. (Dkt. 25-2.) *Bennet v. C.H. Robinson Co.*, No. 12 C 2807, 2013 WL 676398, at *5 (N.D. Ill. Feb. 25, 2013) (exhibits control over contrary allegations in a pleading). The BLOCK OF GEAR registration reflects that the mark is actually owned by Manh, Hoang, Nguyen, who is located in Vietnam.

## BLOCK OF GEAR

| | |
|---|---|
| **Reg. No. 6,049,525** | Manh Hoang, Nguyen  (VIETNAM INDIVIDUAL)<br>46 Hoang Thuc Tram, Hai Chau |
| **Registered May 05, 2020** | Da Nang, VIETNAM 550000 |
| **Int. Cl.: 25** | CLASS 25: Tops as clothing; Bottoms as clothing; Headwear; Footwear; Belts |
| **Trademark** | FIRST USE 1-1-2018; IN COMMERCE 1-29-2018 |
| **Principal Register** | THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR |

(Dkt. 25-2). A review of the USPTO's assignment database confirms that there has been no transfer of the BLOCK OF GEAR registration to Plaintiff:



(Dkt. 37-3). Turning to GEEMBI, its owner is a *Nevada* limited liability company located in Las Vegas. (Dkt. 25-2)(emphasis added).

8

## Geembi

| | |
|---|---|
| **Reg. No. 6,120,317** | Expeditee LLC (NEVADA LIMITED LIABILITY COMPANY) |
| **Registered Aug. 04, 2020** | 304 S. Jones Blvd #3843 |
| | Las Vegas, NEVADA 89107 |
| **Int. Cl.: 24** | CLASS 24: Bed and table linen; Bed canopies; Bed covers; Bed covers of paper; Bed linen; |
| **Trademark** | Bed linen and table linen; Bed pads; Bed sheets; Bed sheets of paper; Bed skirts; Bed spreads; Bed throws; Bed valances; Blanket throws; Blankets for household pets; Blankets for outdoor use; Quilt covers; Quilts; Quilts made of terry cloth; Quilts made of cotton; Quilts made of |
| **Principal Register** | polyester microfiber; Quilts of textile; Quilts of towels; Aromatic herb-filled quilts; Aromatic herb-filled quilts for pets; Baby blankets; Baby blankets that may be used with bed; Baby |

However, Plaintiff is a *Delaware* limited liability company and thus cannot be the trademark owner. (Dkt. 39)(emphasis added). A review of the USPTO's assignment database confirms that there has been no transfer of the GEEMBI registration to any other company:



(Exhibit 3).

To the extent that Manh Hoang has authorized Plaintiff to use the BLOCK OF GEAR mark, or to the extent that Expeditee (NV) has authorized Plaintiff to use the GEEMBI mark, it would make Plaintiff a mere licensee, which as noted *supra,* is insufficient to establish standing to pursue the claims in this case. *See also Gruen Mktg. Corp. v. Benrus Watch Co.*, 955 F. Supp. 979, 983 (N.D. Ill. 1997). Plaintiff therefore lacks standing to pursue any claims premised on the alleged misuse of the registered trademarks. Because standing is jurisdictional (*FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *Tisza v. Communications Workers of America*, 953 F.2d 298, 300 (7th Cir.1992)), and its defect pervades the entire case, the FAC should be dismissed.

### ii.    Failure to Plead a Lanham Act Claim (Counts I-II)

To prevail on a claim for trademark infringement or unfair competition under the Lanham Act, a plaintiff must prove "(1) its mark is protectable and (2) the defendant's use of the mark is likely to cause confusion among consumers." *Coach, Inc. v. Diva's House of Style*, 2012 WL 6049722, at *4 (N.D. Ind. Dec. 5, 2012); citing *CAE, Inc. v. Clean Air Engineering, Inc.*, 267 F.3d 660, 673–74 (7th Cir. 2001). The elements of a false designation claim under § 1125(a) are the same: "that (1) the defendants have a protectable trademark; and (2) a "likelihood of confusion" will exist as to the origin of the plaintiff's products." *All Star Championship Racing, Inc. v. O'Reilly Auto. Stores, Inc.*, 940 F. Supp. 2d 850, 865 (C.D. Ill. 2013).

### 1. Ownership

"Registration under the Act affords the *registrant* a rebuttable presumption of validity." *Id.* (citing 15 U.S.C. § 1115(a)). As noted *supra*, Plaintiff is not the *registrant* of BLOCK OF GEAR or GEEMBI marks, so there can be no evidentiary presumption of validity. Moreover, the BLOCK OF GEAR mark is registered for Class 25: "Tops as clothing; Bottoms as clothing; Headwear; Footwear; Belts." But those are not the goods for which Plaintiff claims the Mark is perceived as a "worldwide symbol[] of excellence[.]" (FAC., ¶25). Instead, the FAC alleges that Plaintiff "is engaged in the business of manufacturing, distributing and retailing quilt bedding sets, quilts, blankets, cushions, tumblers, pillow cases, and door coverings[.]" (*Id.* at ¶9). Thus, the FAC fails to plead that Plaintiff has any interest in BLOCK OF GEAR or GEEMBI as a "protectable mark." Plaintiff's own pleading demonstrates it does not own these registered marks. Failing the first factor required to plead a claim under the Lanham Act, the FAC must be dismissed for the absence of any protectable trademark.

### 2. Likelihood of Confusion

In the Seventh Circuit, courts apply a seven factor test to evaluate the likelihood of confusion: (1) the similarity between the marks in appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree and care likely to be exercised by

consumers; (5) the strength of the plaintiff's mark; (6) any actual confusion; and (7) the intent of the defendant to "palm off" his product as that of another. *AutoZone, Inc. v. Strick*, 543 F.3d 923, 929 (7th Cir. 2008). Here, the FAC lacks *any* particularized allegations supporting a likelihood of confusion. Plaintiff only identifies BLOCK OF GEAR and GEEMBI once, and in doing so, lumps them together under the term "Marks." (Dkt. 25, ¶9). By commonly defining the term "Marks" to refer to two very *different* trademarks, Plaintiff has prevented itself from plausibly pleading facts that could support a trademark claim as to either one.

Where the FAC pleads that "Plaintiff identified the Marks on the Infringing Webstores and Counterfeit products…" it reveals nothing about *how* Defendants were allegedly misusing BLOCK OF GEAR or GEEMBI, respectively. (*Id.*, ¶21). The FAC formulaically contends that "Defendants' use of the Marks on or in connection with the advertising, marketing, distribution, offering for sale and sale of Counterfeit Products is likely to cause and has caused confusion, mistake and deception…." (*Id.*, ¶9). The FAC does not recite any *facts* illustrating for example, how Defendants "falsely describe to the general public the origin and source" of their products. (Dkt. 25, ¶40). Moreover, parts of the FAC allege that trademark infringement occurs by "stealing and copying Plaintiff's copyrighted images and photographs of Plaintiff's genuine products in violation of the Plaintiff's copyrights." (*Id.*, ¶28). But the FAC does not include a copyright infringement claim, nor has Plaintiff identified any copyright registrations as required by *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886–87 (2019). To the extent Plaintiff vaguely claims that some copyright rights have been infringed, this cannot form the basis for its Lanham Act claim. 17 U.S.C. § 301; *Cyber Websmith, Inc. v. Am. Dental Ass'n*, 2010 WL 3075726, at *3 (N.D. Ill. Aug. 4, 2010) ("[T]he assertion of consumer confusion and deception, without more, does not allow Plaintiff to sidestep preemption under Section 301.")

With trademark infringement and false designation claims, the Court must consider what factual allegations support a plausible claim. Here, the FAC contains no factual specificity. Especially given that two marks are implicated, there is no excuse for failing to provide the Court and Defendants with adequate notice of the challenged conduct. Again, without *some* detail regarding how BLOCK OF GEAR and GEEMBI were each used, no plausible claim is stated. Because the FAC fails to plausibly plead facts supporting a likelihood of confusion, it must be dismissed.

### iii. Failure to Plead Illinois Deceptive Trade Practices (Count III)

Like a Lanham Act claim, prevailing on a claim under Illinois' Uniform Deceptive Trade Practices Act requires that Plaintiff demonstrate a likelihood of confusion. *All Star Championship Racing, Inc. v. O'Reilly Auto. Stores, Inc.,* 940 F. Supp. 2d 850, 872 (C.D. Ill. 2013). Indeed, the Seventh Circuit has stated such claims are "substantially congruent" with Lanham Act claims. *Id.*; citing *TMT N. Am., Inc. v. Magic Touch GmbH*, 124 F.3d 876, 881 (7th Cir.1997). Because Plaintiff has failed to plead a likelihood of confusion in the context of its Lanham Act claim, its UDTPA also necessarily fails.

## IV. PLAINTIFF MUST TURN OVER ITS BOND

The Court's order granting the preliminary injunction provided that "the $5,000 bond posted by Plaintiff shall remain with the Court until a final disposition of the case or until the Preliminary Injunction is terminated." (Dkt. 30, p. 8). In the Seventh Circuit, a prevailing defendant is entitled to damages on an injunction bond. *Coyne–Delany Co., Inc. v. Capital Dev. Bd. of State of Illinois*, 717 F.2d 385, 391 (7th Cir.1983). This rule "makes the law more predictable and discourages the seeking of preliminary injunctions on flimsy (though not necessarily frivolous) grounds." *Id.* at 392. District courts may not deny costs and damages on an injunction bond on the grounds that the plaintiff brought the suit in good faith. *Id.* Because the preliminary injunction has been vacated as to the Defendants, Defendants are entitled to Plaintiff's bond.

## V.     THIS IS AN EXCEPTIONAL CASE

The Lanham Act permits district courts to award reasonable attorneys' fees to the prevailing party in "exceptional" cases. § 1117(a). The U.S. Supreme Court's decision in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 572 U.S. 545 (2014) regarding exceptionality applies in trademark cases. *See 4SEMO.com Inc. v. S. Illinois Storm Shelters, Inc.*, 939 F.3d 905, 913–14 (7th Cir. 2019) Under *Octane Fitness,* "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position ... or the unreasonable manner in which the case was litigated." 572 U.S. at 554.

In another trademark case where "plaintiff's complaint allege[d] no factual basis for its assertion of personal jurisdiction[,]" the Northern District of Illinois dismissed the action and found it exceptional. *Direct Fitness Sols., LLC v. Direct Fitness Sols.*, LLC, 281 F. Supp. 3d 697, 701 (N.D. Ill. 2017). The court further observed that "the absence of factual or legal support for plaintiff's theories, coupled with plaintiff's distinctly coercive pre-litigation tactics, raises an inference that plaintiff filed suit in this forum not because it believed it had a colorable trademark claim against a defendant it reasonably believed to be subject to personal jurisdiction here, but instead because it saw defendant as easy prey, susceptible to quick settlement if threatened with litigation." *Id.* The same is true here.

Plaintiff unlawfully filed the case under a pseudonym. Rather than giving due care and attention to each alleged case of infringement, Plaintiff included more than 150 defendants in the case, conducted third party discovery, and obtained a TRO freezing PayPal accounts without notice, managing in one fell swoop to cripple website operators on the other side of the world to coerce quick, low-cost settlements. In conjunction with contacting the Defendants and offering settlements, Plaintiff failed to give adequate notice of its preliminary injunction motion and failed to even deliver summons in support of service, which it falsely declared was completed. (*Compare* Dkt. 28 *with* Dkt.

13

37-2). After Plaintiff's identity was repeatedly misrepresented as an Illinois business, it was revealed to be a Delaware shell company with its principal place of business in Vietnam. Plaintiff was then confronted with the fact that both the BLOCK OF GEAR and GEEMBI trademark registrations were not registered in its name. (Dkt. 37). After losing Defendants' motion to vacate the preliminary injunction, Plaintiff refused to dismiss Defendants from this case, despite the fact that it was now clear that venue was improper because *neither* Plaintiff *nor* Defendants had any connection to this district. Instead, Plaintiff persisted despite the fact that the FAC – by intertwining allegations regarding two separate trademarks and failing to plead how Defendants use them – is hopelessly vague and subject to dismissal under Rule 12.

If there was ever an exceptional case, this is it. The merits are objectively frivolous and the manner in which it has been litigated reflects subjective intent to burden Defendants to the maximum extent as possible. This case indeed stands out from the norm both in terms of "substantive strength" of Plaintiff's position and the "unreasonable matter in which the case [has been] litigated." *Octane Fitness LLC.* 572 U.S. at 554. Accordingly, Defendants request that the Court find this case exceptional and grant it leave to file a petition to recover its attorneys' fees.

## VI.    SANCTIONS SHOULD BE AWARDED

Under 28 U.S.C. §1927, an attorney may be required to personally satisfy the excess costs, expenses, and attorneys' fees incurred as a result of unreasonably and vexatiously multiplying proceedings in that case. "Vexatious-litigation sanctions under § 1927 require a showing of either subjective or objective bad faith." *4SEMO.com Inc. v. S. Illinois Storm Shelters, Inc*., 939 F.3d 905, 913 (7th Cir. 2019). "Objective bad faith consists of reckless indifference to the law: 'pursu[ing] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound.'" *Id.*, citing *Riddle & Assocs., P.C. v. Kelly,* 414 F.3d 832, 835 (7th Cir. 2005).

The same reasons recited in the exceptional case context apply here. Plaintiff's counsel has acted with a reckless disregard by repeatedly, and knowingly, refusing to follow procedural and substantive law. That includes without limitation, the unauthorized pseudonymous filing, alleging that Plaintiff was an Illinois resident when in fact it is based out of Vietnam, including more than 150 defendants in the case but failing to examine and treat each dispute according to their respective facts and circumstances, by advancing baseless trademark claims for marks Plaintiff does not even own, and by refusing to amend the complaint or dismiss the case after it was confronted with each of the foregoing failures. Individually, each of these failures is serious. Collectively, they are shocking.

The Court should approve the imposition of sanctions §1927, with the amount to be determined subject to Defendants further submitting evidence reflecting the "excess costs, expenses, and attorneys' fees incurred" as a result of the conduct.

## VII.    CONCLUSION

The Court should dismiss the FAC in its entirety because there is no personal jurisdiction, venue is improper, and Plaintiff has failed to state a claim. In addition, the Court should transfer Plaintiff's bond to Defendants as partial compensation to them arising from Plaintiff's fraudulently obtained and now vacated preliminary injunction. Finally, the Court should find this case exceptional and issue sanctions against Plaintiff and Plaintiff's counsel under §1927, granting Defendants leave to prepare and submit a petition evidencing the fees and costs they needlessly incurred in defending this matter.

Dated: January 27, 2022                                  Respectfully submitted,


GORDON REES SCULLY MANSUKHANI, LLP

 /s/ Benjamin Kinney
  *Benjamin R. Kinney,*

*One of the attorneys for defendants Vistastars.com, Sportyzen.com, Kawaiikitty.co, Cadadesign.com, Vibecozy.com and Silverybrand.com*

Benjamin R. Kinney #6317720
GORDON REES SCULLY MANSUKHANI, LLP
One North Franklin, Suite 800
Chicago, IL 60606
Ph: 312-619-4922
**bkinney@grsm.com**

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of January 2022 a copy of the foregoing was filed electronically via the ECF filing system.

*/s/ Benjamin R. Kinney*

Benjamin R. Kinney #6317720
GORDON REES SCULLY MANSUKHANI, LLP
One North Franklin, Suite 800
Chicago, IL 60606
Ph: 312-619-4922
**bkinney@grsm.com**