UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EXPEDITEE LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 21 C 6440 |
| ) | |
| THE ENTITIES LISTED ON EXHIBIT 1, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

This matter is before the Court on Defendants Cadadesigns.com, Kawaiikitty.co, Sportyzen.com, Sliverybrand.com, and Vistastars.com's (collectively, the "Moving Defendants") Motion (1) to Dismiss Plaintiff's First Amended Complaint ("FAC"), (2) for Bond Turnover, (3) for Exceptional Case Designation, and (4) for Sanctions.

## BACKGROUND

This is a trademark counterfeiting and infringement case brought by Plaintiff, Expeditee LLC ("Expeditee") against various overseas online merchants, including the Moving Defendants. Plaintiff is engaged in the business of manufacturing, distributing, and retailing bedding sets, quilts, blankets, cushions, tumblers, pillow cases, and door coverings.

On December 2, 2021, Plaintiff filed its original complaint under the pseudonym[1] "XPED LLC," alleging federal trademark counterfeiting and infringement; unfair competition and false designation of origin; and violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 5/10 *et seq*. According to the complaint, XPED LLC was a Nevada limited liability company with a principal place of business in Chicago, Illinois. The trademark identified in and attached to the complaint was for "Block of Gear." "Block of Gear" is a Trademark Class 25, which covers clothing, footwear, and headgear. The owner of the trademark is listed as "Manh Hoang, Nguyen (VIETNAM INDIVIDUAL)," although Plaintiff asserts the trademark was assigned to Expeditee LLC. Dkt. # 62-1, ¶ 9.

Plaintiff filed an *ex parte* motion for a temporary restraining order ("TRO"), asset restraining order, expedited discovery order, and service of process by email, which the Court granted. The order was entered on December 9, 2021 and extended on December 22, 2021. Then, on January 4, 2022, Plaintiff filed the FAC, which identified a second trademark, "Geembi," and moved for a preliminary injunction. With the FAC, Plaintiff identified itself as "Expeditee LLC," a Nevada limited liability company.[2]

---

[1] This was done without leave of Court. Typically, to proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Vill. of Deerfield*, 819 F.3d 372, 376–77 (7th Cir. 2016) (citation omitted); *see also Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("[T]his circuit's decisions . . . disfavor anonymous litigation.").

[2] Plaintiff did file an amended corporate disclosure statement on January 9, 2022, indicating Plaintiff is, in fact, a Delaware limited liability company. Plaintiff has not sought to amend the FAC in order to correct this misstatement.

Plaintiff is listed as the owner of the "Geembi" trademark attached to the FAC. "Geembi" is a Trademark Class 24, which covers textiles and textile goods that are not included in other classes, including bed covers, table covers, and textile covers for household use. The Court granted the preliminary injunction on January 6, 2022 and ordered Plaintiff to add all defendant names listed in the Schedule A to the docket within three business days.[3] The next day, the Moving Defendants appeared and filed an emergency motion to vacate the preliminary injunction. The Court granted the motion and vacated the preliminary injunction as to the Moving Defendants.

The Moving Defendants now move for dismissal under Rule 12(b)(2) for lack of personal jurisdiction, under Rule 12(b)(3) for improper venue, and Rule 12(b)(6) for failure to state a claim.[4] The Moving Defendants also move for bond turnover, an exceptional case designation, and sanctions.[5]

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(2) challenges the Court's jurisdiction over a party. Fed. R. Civ. P. 12(b)(2). When a defendant raises a Rule 12(b)(2) challenge, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v.*

---

[3] To date, this has not been done. Plaintiff is directed to comply with the Court's January 6, 2022 order within seven days of the issuance of this Memorandum Opinion.

[4] The Moving Defendants claim in the introduction of their opening brief that they are also moving to dismiss under Rule 12(b)(5) but make no argument in support and do not refer to the rule at any other point in their brief. Accordingly, such argument is waived.

[5] In response to the Moving Defendants' Motion, Plaintiff argued the Motion should be denied as moot because it intended to seek leave to file a second amended complaint before March 11, 2022. No such motion was filed.

*Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (citation omitted). If the Court rules on the Rule 12(b)(2) motion without an evidentiary hearing, the plaintiff need only establish a *prima facie* case of personal jurisdiction. *Id.* at 392–93; *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). In resolving a Rule 12(b)(2) motion, the Court "accept[s] as true all well-pleaded facts alleged in the complaint," *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012), and "reads the complaint liberally with every inference drawn in favor of [the] plaintiff," *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009). However, if the defendant submits "evidence opposing the district court's exercise of personal jurisdiction, the plaintiff[ ] must similarly submit affirmative evidence supporting the court's exercise of jurisdiction." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). The Court "accept[s] as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff," *GCIU-Emp. Ret. Fund*, 565 F.3d at 1020 n.1, but resolves "any factual disputes in the [parties'] affidavits in favor of the plaintiff," *Felland*, 682 F.3d at 672.

On a motion to dismiss for improper venue under Rule 12(b)(3), the plaintiff bears the burden of establishing that the venue it chose was proper. *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972). To resolve a Rule 12(b)(3) motion, the Court accepts the truth of all allegations in the complaint, unless the defendant's affidavits contradict the allegations. *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016). The Court may consider evidence the parties submit outside the pleadings; in doing so, the

4

Court resolves all factual conflicts and draws all reasonable inferences in the plaintiff's favor. *Id.* at 809–10; *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809–10 (7th Cir. 2011); *Nicks v. Koch Meat Co.*, 260 F. Supp. 3d 942, 952 (N.D. Ill. 2017). If venue is improper, the Court must dismiss the case or, if it is "in the interest of justice," transfer the case to any district or division where the case could have been brought. *Nicks*, 260 F. Supp. 3d at 952; 28 U.S.C. § 1406(a).

Finally, a motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The Court accepts as true well pled facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). A claim is facially plausible if the complaint contains sufficient alleged facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

**DISCUSSION**

The Moving Defendants move to dismiss Plaintiff's FAC under Rules 12(b)(2), 12(b)(3), and 12(b)(6). The Moving Defendants also move for bond turnover, exceptional case designation, and sanctions. We address each motion in turn.

**I.     Rule 12(b)(2) Motion to Dismiss**

"In a federal question case such as this one, a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). Because the Lanham Act does not allow for nationwide service of process, the Court looks to Illinois's long-arm statute to determine the reach of personal jurisdiction. *Rubik's Brand, Ltd. v. P'Ships & Unincorporated Ass'ns Identified on Schedule A*, 2021 WL 825668, at *2 (N.D. Ill. 2021).

Illinois's long-arm statute provides that the Due Process Clause of the Fourteenth Amendment sets the outer boundary of the personal jurisdiction of its courts. *See* 735 ILCS 5/2–209(c) ("A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States."). The Due Process Clause authorizes personal jurisdiction over out-of-state

6

defendants who have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A defendant's contacts with the forum state must be such that it could "reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)).

"Jurisdiction over a defendant can be established either through general or specific jurisdiction." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017). Here, Plaintiff argues for specific jurisdiction. A court may exercise specific personal jurisdiction over a defendant based on the defendant's contacts with the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). The Seventh Circuit identified "three essential requirements" for specific jurisdiction: "(1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012) (internal citations omitted).

The key is that the "defendant's *suit-related* conduct must create a substantial connection with the forum State." *Advanced Tactical Ordnance Sys., LLC v. Real*

7

*Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)) (emphasis in original). Importantly, the relationship between the defendant and the forum "must arise out of contacts that the defendant *himself* creates with the forum." *Id.* (quoting *Walden*, 571 U.S. at 284) (cleaned up). "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 475 (cleaned up).

The FAC's sole allegation in support of personal jurisdiction over the Moving Defendants is that "Defendants transact business in the State of Illinois and in the Northern District of Illinois." Dkt. # 25, ¶ 7. Plaintiff also alleges that each Defendant targets consumers in Illinois, have offered to sell and, on information and belief, have sold and continue to sell counterfeit products to consumers in Illinois and this District. *Id.* ¶ 3.

The Moving Defendants aver they have no connections to Illinois: no stores or facilities of any kind, no employees or independent contractors, no bank accounts, and no property. The Moving Defendants further state they have never advertised through television, radio, or print publications intended to be broadcast in Illinois, and have never targeted potential consumers in Illinois through paid advertising. The only possible contacts, then, that could justify this Court's exercise of personal jurisdiction over the Moving Defendants are their online stores and any other actions they have taken to purposefully avail themselves of the Illinois market.

8

Evidence of the Moving Defendants' contacts with this forum is lacking, and the record points to Plaintiff as the only link between the Moving Defendants and Illinois in this litigation. Plaintiff claims that, as part of its preliminary investigation, it purchased infringing products from the Moving Defendants that the Moving Defendants shipped to Chicago. Such sales on their own are insufficient for the purposes of personal jurisdiction, for Plaintiff has not identified evidence of any transactions involving an allegedly counterfeit product between the Moving Defendants and Illinois customers, other than the "test buys." *See, e.g.*, *Walden*, 571 U.S. at 285 (for personal jurisdiction, "the plaintiff cannot be the only link between the defendant and the forum"); *Native Am. Arts, Inc. v. Contract Specialties*, 2010 WL 658864, at *4–5 (N.D. Ill. 2010) (gathering cases holding that "a plaintiff cannot manufacture jurisdiction against an out-of-state defendant by purchasing that defendant's products from the forum state").

The Seventh Circuit has cautioned that courts "should be careful in resolving questions about personal jurisdiction involving online contacts to ensure a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state." *Illinois v. Hemi Group LLC*, 622 F.3d 754, 760 (7th Cir. 2010). Moreover, "displaying products online that are shippable to Illinois amounts to nothing more than maintaining an interactive website that is accessible in Illinois." *Rubik's Brand*, 2021 WL 825668, at *3; *see Advanced Tactical*, 751 F.3d at 803 ("Having an interactive website . . . should not open a defendant up to personal

9

jurisdiction in every spot on the planet where that interactive website is accessible."); *see also Magenay, Inc. v. Sevensellers, Inc.*, 2022 WL 715423, at *2 (N.D. Ill. 2022) (operating a website accessible in Illinois makes it likely that sales to Illinois customers will occur, but "this is an inescapable fact of operating a generally accessible website.").

Plaintiff relies on *Hemi*, specifically for its language that the defendant seller "stood ready and willing to do business with Illinois residents" through its interactive website. In *Hemi*, the Seventh Circuit held that a New Mexico cigarette distributor who sold over 300 packages of cigarettes to an Illinois Department of Revenue agent through an interactive website over the course of multiple years was subject to personal jurisdiction in Illinois. *Hemi*, 622 F.3d at 760. The opinion noted that Hemi Group's website expressed a willingness to sell in all states but New York, which demonstrated that Hemi Group "knew how to protect itself from being haled into court in any particular state," and that it could foresee being sued in Illinois if it shipped tobacco there. *Id*. at 758. Unlike this case, *Hemi* is distinguishable because it involved a defendant's systematic contact with the forum state through repeated sales of a regulated product over a period of multiple years, not a single incident conjured up by the plaintiffs' attorney for the exclusive purpose of establishing personal jurisdiction over the defendants.

"At bottom, [Plaintiff's] argument boils down to a contention that because [the Moving Defendants] maintain[] a website that an Illinoisan can access to purchase counterfeit [Plaintiff's] products, it has sufficient contacts with Illinois to satisfy due

10

process. But the Seventh Circuit has not extended specific personal jurisdiction quite that far; maintenance of an interactive website, unaccompanied by evidence of any sales or other activity targeting Illinois, does not establish that [the Moving Defendants have] sufficient minimum contacts with Illinois to support the exercise of personal jurisdiction." *Rubik's Brand*, 2021 WL 825668, at *4. Accordingly, the Court concludes that it lacks personal jurisdiction over the Moving Defendants. It therefore does not reach the Moving Defendants' arguments seeking dismissal pursuant to Rules 12(b)(3) and 12(b)(6). The dismissals are without prejudice to the reassertion of Plaintiff's claims in a court that can exercise personal jurisdiction over the Moving Defendants.

## II.     Motion for Bond Turnover

The Court's order granting the preliminary injunction provided that "the $5,000 bond posted by Plaintiff shall remain with the Court until a final disposition of the case or until the Preliminary Injunction is terminated." Dkt. # 30, at 8. The Moving Defendants argue they are entitled to the bond because the preliminary injunction was vacated as to them. The preliminary injunction, however, is still in effect as to the other defendants. The Moving Defendants' motion for bond turnover is denied.

## III.    Motion for Exceptional Case Designation

Under 15 U.S.C. § 1117(a), "[t]he court in exceptional circumstances may award reasonable attorney fees to the prevailing party." A case is considered "exceptional" when it "stands out from others with respect to the substantive strength of a party's

litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). This inquiry is done on a case-by-case basis in which the Court considers the totality of the circumstances. *Id*.

The Court considers a nonexclusive set of factors when determining whether to award attorney's fees. *LHO Chi. River, L.L.C. v. Perillo*, 942 F.3d 384, 386 (7th Cir. 2019). "Those factors include 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* (quoting *Octane Fitness*, 572 U.S. at 554 n.6). The prevailing party must prove that the case is exceptional by a preponderance of the evidence. *Octane Fitness*, 572 U.S. at 557–58. Ultimately, "[a] decision to award attorneys' fees under the Lanham Act is firmly committed to the district court's discretion." *BASF Corp. v. Old World Trading Co., Inc.*, 41 F.3d 1081, 1099 (7th Cir. 1994).

In the Court's view, an exceptional case designation is not warranted. On the record before us, we cannot conclude Plaintiff's action is frivolous or brought in bad faith. Indeed, one of the Moving Defendants admitted in an email to Plaintiff's counsel "we know what we did was wrong when using your products without permission. We are deeply sorry for what we did and please accept our sincere apologies." Dkt. # 60-1, at 92. Plaintiff's claims have a more than negligible chance of succeeding. The Moving Defendants' motion for exceptional case designation is denied.

## IV. Motion for Sanctions

Lastly, the Moving Defendants seek sanctions against Plaintiff's initial counsel, PMJ PLLC, under 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

A finding of subjective bad faith on the part of the offending attorney will support the imposition of sanctions under Section 1927, but such a finding is not necessary; "objective bad faith" will also support a sanctions award. *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006) (collecting cases).

> If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious. To put this a little differently, a lawyer engages in bad faith by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law . . . .

*In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985); *see also Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 799 (7th Cir. 2013); *Dal Pozzo*, 463 F.3d at 614. Simple negligence, on the other hand, will not suffice to invoke Section 1927. *Grochocinski*, 719 F.3d at 799; *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184–85 (7th Cir. 1992).

In the Court's view, while counsel certainly made some missteps in pursuing this litigation, these missteps amount to mere negligence rather than vexatious conduct in bad faith. The Moving Defendants' motion for sanctions is denied.

## **CONCLUSION**

For the foregoing reasons, the Moving Defendants' Motions [48] are granted in part. The Moving Defendants' Rule 12(b)(2) motion to dismiss is granted. Plaintiff's FAC is dismissed as to the Moving Defendants, Cadadesigns.com, Kawaiikitty.co, Sportyzen.com, Sliverybrand.com, and Vistastars.com, for lack of personal jurisdiction. The motions for bond turnover, exceptional case designation, and sanctions are denied. Status is set for 6/2/2022 at 9:50 a.m. It is so ordered.

Dated: May 17, 2022

_____
Charles P. Kocoras
United States District Judge