IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EXPEDITEE, LLC,

        Plaintiff,

  -against-

THE ENTITIES listed on EXHIBIT 1,

      Defendants.

Case No. 1:21-cv-6440

Honorable Charles P. Kocoras

**NON-PARTY OPENCOMMERCE GROUP, INC.'S MOTION
TO MODIFY DEFAULT JUDGMENT ORDER**

      Non-Party OpenCommerce Group, Inc. ("OpenCommerce") submits this Motion to Modify the Court's Default Judgement Order ("Order"), entered on November 29, 2022 (Dkt. No. 88), pursuant to Fed. R. Civ. P. 60(b). In support thereof, OpenCommerce states as follows:

**I.    INTRODUCTION**

      OpenCommerce operates an internet platform called ShopBase, which, similar to Ebay and Etsy, allows third-party merchants to sell their goods online on a global scale. OpenCommerce is not and has never been a defendant in this case. However, the relief sought by Expeditee, LLC ("Plaintiff") in this case has wrongfully resulted in *over $500,000* in funds contained in OpenCommerce's PayPal accounts being frozen.

      There is no basis for OpenCommerce's funds to be frozen. The only defendant named by Plaintiff who was using OpenCommerce's platform at any point was banned by OpenCommerce in December 2021. Thus, the defendant has not had access to OpenCommerce's platform for over a year. Even if there were a basis for Plaintiff to freeze a certain amount of funds in connection with this defendant's activities, an asset freeze of this magnitude is *far* greater than what "is

reasonably necessary to secure the equitable relief" that Plaintiff may be entitled to (if any) against OpenCommerce. *Deckers Outdoor Corp. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 13 C 07621, 2013 WL 12314399, at *2 (N.D. Ill. Oct. 31, 2013). Thus, OpenCommerce respectfully requests that the Court modify its November 29, 2022 Default Judgment Order (Dkt. No. 88, "Order"), such that OpenCommerce's PayPal accounts may be unfrozen. This relief is necessary so that OpenCommerce may access funds that bear no relationship to any potential profits derived from any alleged act of infringement, and so it may resume normal operations of its business that are unrelated to this case.

## II.    LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 60(b)(6):

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (6) any other reason justifying relief from the operation of the judgment.

Rule 60, therefore, "gives district courts the power and discretion to modify their judgments when truly new facts come to light or when the judge recognizes an error and believes it should be corrected." *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018). "The district court has great latitude in making a Rule 60(b) decision because that decision is discretion piled on discretion." *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc*., 570 F.3d 845, 848 (7th Cir. 2009).

## III.     BACKGROUND FACTS

OpenCommerce operates a sales platform called ShopBase. *See* the Declaration of Quan Truong ("Truong Decl."), attached as Exhibit 1, ¶¶ 3-5. Similar to Ebay or Etsy, ShopBase offers a sales platform to e-commerce entrepreneurs from throughout the world, allowing them to sell their goods on a cross-border basis. *Id*. OpenCommerce does not sell goods itself, but rather merely provides a neutral platform for third parties to engage in cross-border sales of their products. *Id*., ¶ 4. Importantly, each seller who signs up for a ShopBase account agrees to OpenCommerce's terms of service, which expressly prohibit the sale of products that infringe on others' trademark, copyright, and other intellectual property rights. *Id*., ¶ 5. Additionally, ShopBase has a Digital Millennium Copyright Act ("DMCA") form available on its website, which encourages third parties to submit potentially infringing products for review to OpenCommerce. *Id*., ¶ 6. OpenCommerce regularly reviews the DMCA complaints it receives and does not hesitate to remove infringing content from ShopBase upon receiving notice. *Id*. OpenCommerce also removes infringing content and bans users when it receives notice of potential infringement through other means, including but not limited to, emails, cease and desist letters, takedown requests, and communications through counsel. *Id*.

OpenCommerce uses certain PayPal accounts with its operation of the ShopBase business. Specifically, OpenCommerce processes payments through its PayPal accounts for sales made by, or for, users of the ShopBase platform. *Id*., ¶ 11. At issue are two PayPal accounts registered to OpenCommerce (the "PayPal Accounts").[1] *Id*. The PayPal Accounts are used to manage

---

[1] OpenCommerce is not disclosing the specific email addresses or account numbers associated with the PayPal Accounts in this Motion based on confidentiality. However, if the Court requires the email addresses in order to provide the relief requested herein, OpenCommerce will file a supplemental declaration of Mr. Truong disclosing the addresses and accounts under seal.

ShopBase's PayPal transactions at large and are not specifically associated with any defendants in this case. *Id*.

Plaintiff is familiar with both OpenCommerce and ShopBase. In December 2021, OpenCommerce's PayPal accounts were mistakenly frozen as a result of the temporary restraining order ("TRO" Dkt. No. 14) obtained by Plaintiff. Upon learning the freeze was tied to this case, OpenCommerce immediately reached out to counsel for Plaintiff and informed Plaintiff that it was a third-party platform. *Id*., ¶¶ 13-14. Further, OpenCommerce indicated that it was willing to freeze any accounts associated with merchants selling allegedly infringing products. *Id*. Plaintiff quickly acknowledged that OpenCommerce was not a defendant subject to the preliminary injunction and contacted PayPal on December 23, 2021 to release the freeze on OpenCommerce's PayPal Accounts. *Id*., ¶ 14. At the same time, OpenCommerce disabled the merchant's account who was selling allegedly infringing products, and removed that defendant from the ShopBase platform.

However, upon entry of the Court's Order, the PayPal Accounts were once again frozen. Currently, there are over $500,000 in funds frozen in these two accounts because of the Order. *Id*., ¶¶ 12, 16. OpenCommerce has reviewed the Order and Exhibit A of alleged infringers (Dkt. No. 82), and only one defendant, DarkHorseDesigns, has any affiliation or association with ShopBase. *Id*., ¶¶ 18-19. This merchant registered with ShopBase in May 2021 and has not conducted any business on the platform since December 2021, when it was removed by OpenComerce. *Id*., ¶ 19. At this time, OpenCommerce is only holding 38 cents in relation to this merchant, which is a *de minimis* amount compared to the hundreds of thousands of dollars currently being frozen, and the funds that OpenCommerce processes through its PayPal Accounts when functioning normally. *Id*. As soon as OpenCommerce learned of this lawsuit and the claims against this seller, it immediately disabled DarkHorseDesigns' website, and DarkHorseDesigns is no longer operational on

ShopBase. DarkHorseDesigns' website, http://www.mrjoegomez.com, is inaccessible, and has been since December 2021. *Id*., ¶¶ 14, 19. OpenCommerce and ShopBase have had no involvement in developing this website or the creation of materials sold through these websites. *Id*., ¶¶ 3-5. OpenCommerce and ShopBase are not and have never been in possession of any products sold through these stores. *Id*.

Upon learning of the second freeze on its accounts due to the Order, OpenCommerce immediately reached out to Plaintiff on December 2, 2022 through undersigned counsel. *Id*., ¶¶ 17-19. For weeks, OpenCommerce repeatedly reiterated its limited involvement and the fact that the defendant at issue, DarkHorseDesigns, had been removed from the ShopBase platform since December 2021. *Id*. Despite being aware that it has no basis to freeze OpenCommerce's accounts, Plaintiff has refused to contact PayPal to release over $500,000 of OpenCommerce's funds. *Id*., ¶¶ 20-26. OpenCommerce is now forced to seek relief from this Court to modify the Order such that its PayPal Accounts can be unfrozen.

## IV.    ARGUMENT

### A.    Plaintiff's Enforcement of the Order has Resulted in an Incorrect Freeze of OpenCommerce's PayPal Accounts.

OpenCommerce is not a named defendant. As previously acknowledged by Plaintiff, the the assets frozen by the Order are not the proceeds of counterfeiting activities. OpenCommerce is a neutral third party that provides a sales platform for merchants. *Id*., ¶ 14. The Order resulted in the mistaken freeze of over $500,000 in assets in OpenCommerce's PayPal Accounts when only a *de minimis* amount ($0.38) was attributed to a named defendant. *Id*., ¶ 19. Yet, Plaintiff continues to unreasonably enforce the Order in a manner that cripples OpenCommerce's ability to conduct business. Based on the above, Federal Rule of Civil Procedure 60(b), and principles of equity,

OpenCommerce requests that the Court modify the Order such that OpenCommerce's PayPal accounts are unfrozen.

First, OpenCommerce is not listed as a "Defaulting Defendant" and at no time has Plaintiff asserted that OpenCommerce is a defendant or that Plaintiff has any direct claims against OpenCommerce. Indeed, Plaintiff is not entitled to collect anything at all from OpenCommerce, as OpenCommerce is immune from liability in this suit altogether. Section 230 of the Communications Decency Act of 1996, 74 U.S.C. § 230 (the "CDA") provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." CDA § 230(e)(1). The goal of the CDA is to provide interactive computer service providers—*i.e.*, platforms like ShopBase—with immunity from suit related to content created by third parties. *See Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997) *cert. denied*, 524 U.S. 937 (1998) (the CDA precludes courts from entertaining claims that would place a web service provider in a publisher's role; such claims are barred). OpenCommerce is an internet service provider under the CDA, and thus immune from liability. 47 U.S.C. § 230(f)(2). Under the CDA, any potential claims against OpenCommerce in connection with Plaintiff's Complaint would be baseless.

Second, OpenCommerce is holding a mere $0.38 on behalf of DarkHorseDesigns, the only named defendant using OpenCommerce's platform. Truong Decl., ¶ 19. To the extent the Court's Order requires OpenCommerce to turnover these funds to Plaintiff, OpenCommerce is, of course, willing to fully comply with the Order.

Third, Plaintiff's misapplication of the Order is apparent by the mere fact that it has frozen $500,000 of OpenCommerce's assets when the relief it is entitled to under the Order is limited to $350,000 across all defendants. Order, ¶ 4. Indeed, as specified in the Order, "Third Party

Providers holding funds for Defaulting Defendant, shall . . . permanently restrain and enjoin any financial accounts connected to Defaulting Defendants' Seller Aliases . . . *up to the above identified statutory damages award*." Order, ¶ 6 (emphasis added). Further, only "monies, *up to the above identified statutory damages award*, in Defaulting Defendants' financial accounts, including monies held by Third Party Providers are hereby released to Plaintiff[.] Order, ¶ 7 (emphasis added). Plaintiff has no basis to freeze over $500,000 in OpenCommerce's assets unrelated to any named defendant, when it is only entitled to $350,000 in damages total. Accordingly, Plaintiff's application of the Order is overbroad and inherently inequitable.

Finally, Plaintiff previously acknowledged OpenCommerce's limited role as a platform, and not an infringer, when it agreed to release its PayPal Accounts from the impact of the TRO. Truong Decl., ¶ 14. OpenCommerce was not given any warning or notice that Plaintiff subsequently determined that there was a basis to freeze the PayPal Accounts, until after the Order was entered the PayPal Accounts were frozen. Plaintiff has failed to provide any reasoning for its change of heart, and has repeatedly ignored OpenCommerce's repeated requests to engage in a dialogue regarding the asset freeze. Regardless, the fact remains that OpenCommerce removed the only named defendant, DarkHorseDesigns, from its platform upon learning of the TRO. *Id.*, ¶ 14. The DarkHorseDesigns account has remained disabled since December 2021, and there is no allegation or assertion that OpenCommerce has allowed it to begin using ShopBase again. *Id.*, ¶ 19.

In sum, OpenCommerce is currently wrongfully restricted from accessing over $500,000 of its own capital, which inhibits its ability to conduct business. In light of these funds being frozen, OpenCommerce respectfully requests that the Order be modified to release both of its PayPal Accounts.

**B.      OpenCommerce Should Be Granted Fees and Costs in Relation to this Motion.**

Further, OpenCommerce requests that it be granted attorneys' fees and costs associated with bringing this Motion. Plaintiff is well aware that OpenCommerce is not a defendant and is merely a third-party platform, and has known this since December 2021. Truong Decl., ¶ 13. Plaintiff acknowledged this in releasing the earlier freeze on OpenCommerce's accounts caused by the TRO. *Id.*, ¶ 14. However, Plaintiff inexplicably refused to take any action to release the freeze caused by the Order. *Id.*, ¶¶ 17-25. Indeed, Plaintiff was provided with information regarding OpenCommerce's role as a third-party platform in addition to details regarding DarkHorseDesigns disabled storefront and limited sales. *Id.*, ¶ 19. Plaintiff is fully aware that the amounts frozen exceed the damages it is entitled to in the Order. Yet, Plaintiff has refused for weeks to contact PayPal to limit the crippling effects of the Order on OpenCommerce, and has further refused to engage in a good faith dialogue with OpenCommerce about the issue, repeatedly ignoring and brushing off counsel's requests to address the issue. *Id.*, ¶¶ 20-25. Due to Plaintiff's lack of action, OpenCommerce was forced to file this Motion and should be granted its fees for being forced to do so.

**V.      CONCLUSION**

WHEREFORE, Non-Party OpenCommerce Group, Inc. respectfully requests that the Court grant (1) this Motion to Modify the Court's Default Judgment Order so that its PayPal Accounts may be released; (2) all fees and costs associated with bringing this Motion; and (3) any other relief that the Court deems just and proper.

Dated:  January 11, 2023

Respectfully submitted,

JAYARAM LAW, INC.

By:  */s/  Elizabeth Austermuehle*
      Vivek Jayaram
      Elizabeth Austermuehle
      Palak V. Patel
      125 S. Clark Street, Suite 1175
      Chicago, IL 60603
      (312) 212-8676
      vivek@jayaramlaw.com
      liz@jayaramlaw.com
      palak@jayaramlaw.com

      *Attorneys for OpenCommerceGroup, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing

has been served on January 11, 2023 via the Court's CM/ECF system on all counsel of record.


By: */s/ Elizabeth Austermuehle*
Elizabeth Austermuehle