UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EXPEDITEE, LLC, | : | Case No.: 1: 21-cv-6440 |
| Plaintiff, | : | |
| | : | District Judge: Honorable Charles P. Kocoras |
| vs. | : | |
| THE ENTITIES listed on EXHIBIT 1, | : | |
| Defendants. | : | |

**<u>AMENDED DEFAULT JUDGMENT ORDER</u>**

This action having been commenced by Plaintiff Expeditee LLC ("Plaintiff") against the fully interactive, e-commerce stores operating under the Seller Aliases (collectively the "Seller Aliases") identified on Exhibit A to this Amended Default Judgment Order ("Amended Order") which have not yet been dismissed from this case and Plaintiff having moved for entry of Default and Default Judgment against the Seller Aliases (collectively, the "Defaulting Defendants");

This Court having entered, upon a showing by Plaintiff, a temporary restraining order and preliminary injunction against Defaulting Defendants which included an asset restraining order;

Plaintiff having properly completed service of process on Defaulting Defendants in accordance with this Court's order concerning electronic service of process, notice being reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

Defaulting Defendants having failed to answer the First Amended Complaint ("FAC") or otherwise plead, and the time for answering the FAC having expired;

This Court previously having previously entered an Order of Default Judgment [Dkt. No. 88](the "Order");

This Court having found the Order overbroad in light of Non-Party OpenCommerce Group,

Inc.'s Motion to Modify the Default Judgment Order [Dkt. Nos. 90]("Motion to Modify"). Specifically, upon granting the Motion to Modify, the Court found that the Order improperly froze assets belonging to Non-Party OpenCommerce Group, Inc. [Dkt. Nos.103]. Accordingly, the Court hereby vacates the Order and issues this Amended Order;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants since Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants have targeted sales to Illinois residents by setting up and using one or more Seller Aliases, offered shipping to and/or within the U.S., including to Illinois, accepted and/or accept payment in U.S. dollars, and having offered for sale and/or sold unauthorized products bearing infringing and counterfeit versions of Plaintiff's BLOCK OF GEAR ("BOG Mark") and GEEMBI marks (collectively, the "Asserted Marks") to residents of Illinois ("Infringing Products"). Plaintiff's Asserted Marks include but are not limited to: BLOCK OF GEAR, U.S. Reg. No. 6,049,525, in International Class 25; and, GEEMBI, U.S. Reg. No. 6,120,317, in International Class 24.

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510).

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is **GRANTED** as follows, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a) using the Asserted Marks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine BLOGK OF GEAR and/or

GEEMBI product ("Plaintiff's Products") or not authorized by Plaintiff to be sold in connection with the Asserted Marks;

   b)  passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's Products or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the Asserted Marks.

   c)  committing any acts calculated to cause consumers to believe that Defaulting Defendants' unauthorized Infringing Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and,

   d)  manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's Asserted Marks.

  2.  Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as PayPal Holdings Inc. ("PayPal"), ContextLogic, Inc. d/b/a Wish.com ("WISH"), Etsy, Inc. ("Etsy"), Amazon Payments, Inc. ("Amazon"), eBay, Inc., Alibaba Group Holding Ltd. and any related Alibaba entities ("Alibaba"), and Alipay US, Inc. and its related companies and affiliates ("Alipay") (collectively, the "Third Party Providers"), shall within five (5) business days of receipt of this Order cease:

   a)  using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell counterfeit and infringing goods using the Asserted Marks; and,

   b)  operating and/or hosting websites that are involved with the distribution,

marketing, advertising, offering for sale, or sale of any product bearing the Asserted Marks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine BLOCK OF GEAR and/or GEEMBI product or not authorized by Plaintiff to be sold in connection with the Asserted Marks.

3. Upon Plaintiff's request, any third party with actual notice of this Order, including the Third Party Providers, as defined in Paragraph 2, shall, within five (5) business days of receipt of this Order, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the Asserted Marks.

4. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of **three hundred fifty thousand dollars (<u>$350,000</u>)** for willful use of counterfeit Asserted Marks in connection with the sale of products through at least the Defaulting Defendants' Online Marketplaces.

5. Plaintiff may serve this Order on Third Party Providers by e-mail delivery to the e-mail addresses Plaintiff used to serve the Temporary Restraining Order on the Third Party Providers.

6. Any Third Party Providers holding funds for Defaulting Defendants, shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any financial accounts connected to Defaulting Defendants' Seller Aliases or from transferring or disposing of any funds, up to the above identified statutory damages award, or other of Defaulting Defendants' assets.

    a) In granting the Motion to Modify, the Court finds that this Amended Order specifically excludes the OpenCommerce Accounts and the assets contained in the OpenCommerce Accounts are not subject to be restrained in conjunction with this

**AMENDED DEFAULT JUDGMENT ORDER**    4
Case No.: 1: 21-cv-6440

litigation.[1]

b) The Court orders that any Third Party Providers, including PayPal, immediately remove any restraint or freeze of the OpenCommerce Accounts imposed as a result of the now vacated Order.

c) Plaintiff is ordered to serve upon PayPal a copy of the Amended Order within (1) day of the entry of this Amended Order to effectuate the release of the OpenCommerce Accounts back to Non-Party OpenCommerce Group, Inc.

7. All monies, up to the above identified statutory damages award, in Defaulting Defendants' financial accounts, including monies held by Third Party Providers are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers are ordered to release to Plaintiff the amounts from Defaulting Defendants' financial accounts within ten (10) business days of receipt of this Order.

8. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

9. Also until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff may serve this Order on Third Party Providers, in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Third Party Providers, shall, within ten (10) business days:

a) locate all accounts and funds connected to Defaulting Defendants' Seller Aliases, including, but not limited to, any financial accounts connected to the information listed in Plaintiff's Second Revised Exhibit A to Plaintiff's Motion hereto and/or any e-mail addresses provided for Defaulting Defendants by the Third Party Providers;

b) restrain and enjoin such accounts or funds from transferring or disposing of

---

[1] The OpenCommerce PayPal Accounts include the following: (1) account ending in '736 connected to the email address "paypal.us.ocg@beeketing.com"; and, (2) account ending in '193 connected to the email address "billing@printbase.co."

**AMENDED DEFAULT JUDGMENT ORDER**     5
Case No.: 1: 21-cv-6440

any money or other of Defaulting Defendants' assets; and,

        c)     release all monies, up to the above identified statutory damages award, in Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

10.     In the event that Plaintiff identifies any additional online marketplace accounts, or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the e-mail addresses connected to Defaulting Defendants' Seller Aliases and/or any e-mail addresses provided for Defaulting Defendants by the Third Party Providers.

11.     The five thousand dollar ($5,000) surety bond posted by Plaintiff is hereby released to Plaintiff or its counsel, Loza & Loza LLP. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Plaintiff or its counsel.

Dated: April 6, 2023

                                          Honorable Charles P. Kocoras
                                          United States District Judge